IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADARIUS INGRAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 3:23-cv-2120-K-BN |
| | § | |
| FEDERAL EXPRESS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 27.

Defendant Federal Express Corporation ("FedEx") has filed a Motion for Summary Judgment. *See* Dkt. No. 42.

Plaintiff Ladarius Ingram did not file a response.

For the reasons explained below, the Court should grant FedEx's Motion for Summary Judgment [Dkt. No. 42].

**Background**

Plaintiff Ladarius Ingram filed this lawsuit against his former employer, Defendant FedEx in Dallas County, Texas. FedEx then removed the suit to this Court. *See* Dkt. No. 1.

In Ingram's Original Petition, he asserted claims against FedEx for employment discrimination under Title VII and defamation. *See* Dkt. No. 1-1. The Court previously dismissed Ingram's defamation claim, *see* Dkt. No. 26, and, so, the undersigned will only address Ingram's employment discrimination claim.

Ingram alleges that he suffered repeated harassment from FedEx personnel while an employee between 2021 and 2022 because he was African American. *See* Dkt. No. 1-1 at 10-11. And he asserts that, after a period of medical leave, FedEx did not allow him to return to work, effectively terminating him. *See id.* at 11. Ingram contends that "[n]o other non-African American employee was terminated in this manner." *Id.*

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the

nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under [Federal Rule of Civil Procedure] 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual

issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that

there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

### I.   Effect of Failing to File a Response to a Motion for Summary <u>Judgment</u>

When a non-moving party files a response to a motion for summary judgment and fails to include an argument about a claim, defense, or theory that the motion seeks to have the Court dismiss with prejudice, the Court may determine that the nonmoving party has abandoned the unaddressed claim, defense, or theory. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983); *accord Maynard v. PayPal, Inc.*, No. 3:18-cv-259-D, 2019 WL 3552432, at *3 (N.D. Tex. Aug. 5, 2019) ("A party may abandon its claim when it fails to pursue the claim beyond the complaint. *See, e.g.*, *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983).").

In the published decisions in this line of Fifth Circuit cases supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion for summary judgment. *See Harris*, 27 F.4th at 1122-23; *Vela*, 276 F.3d at 678-79; *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir.

1999); *Vaughner v. Pulito*, 804 F.2d 873, 878 n.2 (5th Cir. 1986); *Batterton v. Tex. Gen. Land Off.*, 783 F.2d 1220, 1224-25 (5th Cir. 1986); *Hargrave*, 710 F.2d at 1163-64.

But, when a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).

As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (explaining that the district "court granted Appellee's motion for summary judgment on alternative grounds," including, "[f]irst, in accordance with the local rule, the court granted the motion as unopposed," and that "[w]e have previously disapproved of granting summary judgment on this basis" but that, "because the district court addressed the merits of the motion as an alternative holding, we need not reverse").

The rationale underlying these two lines of authority appears to be that the

nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense. And, by dismissing claims under Federal Rule of Civil Procedure 56 based on only a nonmovant's lack of action at all (that is, not filing a response), a district court would be improperly dismissing with prejudice without the findings or factual support required under either Rule 56 or Federal Rule of Civil Procedure 41(b) for such a dismissal. *See Hibernia*, 776 F.2d at 1279; *John*, 757 F.2d at 707-10.

And, even if these two lines of authority cannot be reconciled with this bright-line distinction, "[t]he rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *accord United States v. Sanchez-Pena*, 336 F.3d 431, 444 n.62 (5th Cir. 2003) ("When faced with conflicting panel opinions, the earlier controls our decision." (cleaned up)). This suggests that the published decisions cited and relied on in *John*, 757 F.2d at 707-10, which appear to predate any decisions setting forth the abandonment doctrine, would – at least where a nonmovant has not filed any response to a motion for summary judgment – control.

Under these governing authorities, the Court cannot grant Defendant FedEx's Motion for Final Summary Judgment [Dkt. No. 42] solely because Ingram failed to file a response in opposition to the motion.

But, under Rule 56 and the governing law,

"[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is – entitled to it[.]

FED. R. CIV. P. 56(e)(2), (3).

*Boyd,* 2023 WL 4141052, at *1.

Here, the pleadings are not verified, and, so, Ingram has presented no summary judgment evidence. And "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (cleaned up); *accord Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010) (although "a district court may not grant a motion for summary judgment merely because it is unopposed," "[t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore failed to carry his burden of showing that material factual issues existed" and so "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper" (cleaned up)); *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-cv-517-D, 2020 WL 3317096, at *6 (N.D. Tex. June 18, 2020) ("As stated above, although the court is not permitted to enter a 'default' summary judgment, the court is allowed to accept the evidence adduced by

plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it.").

## II.    FedEx is Entitled to Summary Judgment on Ingram's Title VII <u>Racial Discrimination Claim</u>

In the absence of direct evidence of discrimination, Title VII claims in the Fifth Circuit are analyzed on a defendant's summary judgment motion under the three-step *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705-06 (5th Cir. 2016).

"Under [the *McDonnell Douglas* framework's] terms, once a plaintiff establishes a prima facie case of [intentional discrimination based on the employee plaintiff's race, color, religion, sex, or national origin] through indirect proof, the [employer] defendant bears the burden of producing a race-neutral explanation for its action, after which the plaintiff may challenge that explanation as pretextual." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340 (2020) (cleaned up). "If a plaintiff presents direct evidence of discrimination, the *McDonnell Douglas* framework does not apply." *Jerge v. City of Hemphill, Tex.*, 80 F. App'x 347, 350 (5th Cir. 2003).

Under the *McDonnell Douglas* framework, for a wrongful-termination claim for which the plaintiff "relies on circumstantial evidence," the plaintiff is "subject to [a] burden-shifting framework" under which the plaintiff "has the initial burden to establish a prima facie case of discrimination" and "must produce evidence that she (1) is a member of a protected class, (2) was qualified for the position that [he] held,

(3) was subject to an adverse employment action, and (4) was replaced by someone outside of [his] protected class or treated less favorably than other similarity-situated employees who were not in [his] protected class." *Harville v. City of Houston, Miss.*, 945 F.3d 870, 874-75 (5th Cir. 2019) (cleaned up); *see also Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) (en banc) (defining "adverse employment action" for Title VII purposes).

"[T]he prima facie case, once established, creates a presumption of discrimination and the burden then shifts to the [employer defendant] to articulate a legitimate, non-discriminatory reason for the adverse employment action," and, if the employer defendant "is able to articulate a legitimate, non-discriminatory reason for the termination, the burden shifts back to [the plaintiff] demonstrate that the employer's proffered reason is a pretext for discrimination." *Harville*, 945 F.3d at 875 (cleaned up). That is, "the plaintiff must then have a 'fair opportunity' to show that the stated justification was in fact pretext for discrimination," and "[a] plaintiff may succeed [under the *McDonnell Douglas* framework] either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. ___, 145 S. Ct. 1540, 1545 (2025) (cleaned up).

FedEx contends that Ingram cannot establish a prima facie case of racial discrimination under Title VII, specifically, because he has presented no evidence that he was replaced by or was treated less favorably than an employee outside his protected category. *See* Dkt. No. 43 at 12-13.

The undersigned agrees that Ingram's racial discrimination claim fails because Ingram has presented no evidence to raise a genuine dispute of material fact as to this element – or, for that matter, the ultimate elements that Ingram must prove: that an adverse employment action was taken against him because of his protected status.

### A. Ingram fails to show he was replaced by or was treated less favorably than an employee outside his protected category

At the outset, Ingram neither alleges nor has shown that he was replaced by someone outside his protected class.

Ingram also fails to identify any comparators – individuals of a different race than him "under nearly identical circumstances" who were treated more favorably. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Wright v. Chevron Phillips Chem. Co., L.P.*, 734 F. App'x 931, 934 (5th Cir. 2018) (per curiam) ("Both the comparator and the conduct must be 'nearly identical' (except for the protected characteristic) to the person and situation in question yet the two yielded dissimilar results." (quoting *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217-18 (5th Cir. 2016 (quoting, in turn, *Lee*, 574 F.3d at 260))).

> "[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis." *Lee*, 574 F.3d at 260 (quoting, first, *Perez v. Tex. Dep't of Crim. Justice*, 395 F.3d 206, 213 (5th Cir. 2004), and then *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001); emphasis added in *Lee*; footnotes omitted); *accord Moore v. Univ. Miss. Med. Ctr.*, 719 F.

App'x 381, 386-87 (5th Cir. 2018); *see also Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie element by asserting that "five Caucasian men in his unit kept their jobs" because he failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001))); *Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" (quoting *Lee*, 574 F.3d at 260)).

*Seastrunk v. Entegris, Inc.*, 3:16-cv-2795-S-BN, 2018 WL 4328020, at *5 (N.D. Tex. Aug. 20, 2018).

Here – although the undersigned recognizes that, "[a]t the pleading stage, a plaintiff need not plead a prima facie case under the *McDonnell Douglas Corp. v. Green* framework," *Hamilton*, 79 F.4th at 502 n.45 – Ingram's Original Petition does not identify any comparators but vaguely states that other similarly situated, non-African employees were treated more favorably. *See* Dkt. No. 1-1 at 11.

Then, at Ingram's deposition, he was asked whether there were "other White employees that went through the same situation [he] did, but were treated more favorably?" Dkt. No. 44 at 82. He answered, "No ... I never knew a White employee that went through the same thing I went through." *Id.* "But another person [Jamie] did. It was a Black person that also had [] went through the same thing that I went through." *Id.*

Ingram admits that no comparator exists, and, insofar as another employee was under similar circumstances, that employee (Jamie) was also African American.

And, so, Ingram has not presented evidence to demonstrate a prima facie case of racial discrimination because he fails to identify a similarly situated employee outside of his protected class.

Because the failure to identify a comparator "alone justifies dismissal of [the plaintiff's] Title VII claim" on summary judgment, *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017), the Court should dismiss Ingram's racial discrimination claim and need not reach FedEx's remaining arguments concerning want of an adverse employment action and absence of pretext.

## Conclusion

The Court should grant FedEx's Motion for Summary Judgment [Dkt. No. 42] and dismiss Ingram's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 20, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE